UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

FREDERIC C. CARPENTER, JR.,

Petitioner,

v. 9:08-CV-476 (DNH/GJD)

MICHAEL CORCORAN, Superintendent,

Respondent.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

FREDERIC C. CARPENTER
Plaintiff, *pro se*

DAVID N. HURD,
United States District Judge

**MEMORANDUM DECISION and ORDER**

Petitioner Frederic C. Carpenter ("petitioner" or "Carpenter), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a motion to proceed *in forma pauperis.* (Dkt. Nos. 1, 2). Petitioner has paid the five dollar filing fee. (Dkt. No. 1). He seeks to challenge an August 6, 1999, conviction for a probation violation rendered in Cortland County Court.[1] Petitioner was found guilty by the court and sentenced to four to twelve years imprisonment.

The Appellate Division, Third Department, affirmed the conviction on December 21, 2000. *People v. Carpenter*, 278 A.D.2d 672, 717 N.Y.S.2d 740 (3d Dep't 2000). The New York Court of Appeals denied leave to appeal on April 16, 2001. *People v. Carpenter*, 96 N.Y.2d 798, 726 N.Y.S.2d 376, 750 N.E.2d 78 (2001). In his application, petitioner indicates that he has filed a variety of post-conviction proceedings, all of which have been denied. Pet. at 4-10.

---

[1] Petitioner's original conviction was from New York County Supreme Court for Criminal Possession of a Controlled Substance. (Pet. at 11). Petitioner pled guilty and was sentenced to a term of five years probation. (Pet. at 11, 14). The probation violation took place in Cortland County.

Petitioner raises five grounds for relief:

> (1) Petitioner's sentence is "null and void" because the Cortland County Court had no jurisdiction to decide the probation violation or to re-sentence him. (Pet. at pp.11-13).
>
> (2) The People breached their "contract" to sentence petitioner to five years probation and failed to enforce the "expiration" of that sentence. (Pet. at pp.14-16).
>
> (3) Petitioner was denied the right to appeal the "purported order" transferring the supervision of his probation to Cortland County. (Pet. at pp.17-18).
>
> (4) The Appellate Division erred in affirming the dismissal of petitioner's state habeas petition based on a procedural default (Pet. at pp.18-23).
>
> (5) Petitioner was denied his right to access to courts and his right to confront his accusers. (Pet. at pp.23-25).

Petitioner has included approximately four hundred pages of state court papers with his application.

**DISCUSSION**

In the habeas application, in addition to listing his direct appeal, petitioner has listed the various state court petitions and post-conviction motions that he has filed. (Pet. at pp.3-10). In reviewing petitioner's list, it was court discovered that petitioner has filed a previous application for habeas corpus relief in this court. *See Carpenter v. Rabideau*, 9:04-CV-1295. On January 4, 2005, the Honorable Lawrence E. Kahn dismissed petitioner's previous application as barred by the one year statute of limitations, created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] *Id.* (Dkt. No. 9 of 04-CV-1295).

---

[2] 28 U.S.C. § 2244(d)(1). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas petitions challenging State court judgments are subject to a one year statute of limitations. 28 U.S.C. § 2244(d). The AEDPA provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from

Judge Kahn found that the New York Court of Appeals denied leave to appeal on April 16, 2001. *Id.* at 2. Judge Kahn then calculated that ninety days from April 16, 2001 would be "on or about July 15, 2001." *Id.* at 3. Thus, petitioner's conviction became final on July 15, 2001, and the one year statute of limitations began to run on that date. The statute of limitations would, thus, have expired on July 15, 2002. Judge Kahn further found that petitioner did not file his first post-conviction motion pursuant to N.Y. Crim. Proc. Law § 440 until August 27, 2002. *Id.* at 3. Thus, by the time that petitioner filed his first section 440 motion, his statute of limitations under the AEDPA had already expired, and Judge Kahn held that the petition was time-barred. Petitioner concedes this fact in his current habeas application.

In Judge Kahn's decision, he also considered whether petitioner would be entitled to "equitable tolling" of the statute of limitations. *Carpenter v. Rabideau*, 04-CV-1295 (Dkt. No. 9 at 4). In "rare and exceptional circumstances," the court may equitably toll the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418

---

the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(d)(1)(D).

(2005))(internal quotation marks omitted). In *Diaz*, the Second Circuit reaffirmed the availability of equitable tolling in the appropriate circumstances. *Id*.

Judge Kahn did not find that Carpenter demonstrated either extraordinary circumstances or reasonable diligence throughout the period that he sought to have tolled.

Petitioner has now returned, challenging the same conviction, making slightly different, but related arguments. In his prior petition, petitioner argued that the sentence he received was illegal based upon the statues providing for sentences after probation violations. In this case, petitioner argues that the sentence was "null and void" because the original conviction occurred in New York County, and probation supervision was never properly transferred to Cortland County. In any event, petitioner is well aware that his prior petition was dismissed as time-barred. In fact, Judge Kahn gave the petitioner an opportunity to argue that the petition was not barred by the statute of limitations and that equitable tolling should apply in his case. Judge Kahn rejected both arguments. Petitioner did ***not*** appeal that decision.

The AEDPA provides that in order for a petitioner to bring a "second or successive" habeas petition, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The court must first determine whether the petition is "second or successive" for purposes of the AEDPA. The statute itself does not define "second or successive," however, the courts have held that in order for a petition to be "second or successive," the first petition must have been decided "on the merits." *See Murray v. Greiner*, 394 F.3d 78, 80-81 (2d Cir. 2005).

In *Murray*, the Second Circuit held that the prior dismissal of a habeas corpus petition for untimeliness "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions

under § 2244(b)." *Id.* at 81. Thus, Judge Kahn's dismissal of Carpenter's 2004 habeas petition based on the statute of limitations, renders this petition a "second or successive" petition for purposes of the AEDPA, and this court has no jurisdiction to consider the application unless the Second Circuit authorizes the court to do so.[3]

The only issue remaining is whether to dismiss this action or to transfer the action to the Second Circuit for determination of whether the district court should be authorized to consider the second or successive petition.[4] In *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)(*per curiam*), the court held that when a second or successive petition is filed with the district court prior to circuit authorization, the district court should transfer the petition to the Second Circuit in the interests of justice pursuant to 28 U.S.C. § 1631.

Section 1631 provides that where a civil action is filed in a court without jurisdiction, the court may transfer the case to the appropriate court if it is "in the interests of justice." After reviewing the petition in this case, the court finds that although the chances of petitioner succeeding on his request to file a second or successive petition are very slim, this court will transfer petitioner's application to the Second Circuit for its review. One of petitioner's claims in his current petition appears

---

[3] The court would simply note that *Murray* was cited in *Gonzalez v. Crosby*, 545 U.S. 524, 533 n.6 (2005). The Court in *Crosby* held that a motion by a petitioner under Fed. R. Civ. P. 60(b), challenging the court's prior time-bar ruling was not a "second or successive" petition because the petitioner was actually challenging the previous ruling, rather than filing a new "claim." *Id.* The decision in *Gonzalez* does not affect the holding in *Murray* or the decision in this case. The Supreme Court has also held that a prior dismissal for failure to exhaust does not render a subsequent petition "second or successive." *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000). The court in *Murray* distinguished *Slack* and similar cases. 394 F.3d at 80-81.

[4] The AEDPA provides that the court of appeals may authorize the district court to consider a second or successive petition if the petitioner shows that: (1) the claim relies upon a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable; or (2) that the factual predicate for the new claim could not have been previously discovered through the exercise of due diligence, ***and*** if proven, the facts underlying the claim would establish by clear and convincing evidence that no reasonable fact-finder would have found petitioner guilty, but for the constitutional error. 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B)(i) & (ii). This standard applies to claims that were not previously raised by petitioner in his first application. The statute also provides that if the claim was previously presented, "it shall be dismissed." *Id.* § 2244(b)(1).

to be based on "newly discovered evidence." Petitioner seems to allege that the document upon which he bases his "new" claim was concealed from him for years, and he only became aware of the document "by chance" after his eighth Freedom of Information Act request. Pet. at 17. Plaintiff claims that he only recently discovered the basis for his claim that the Cortland County Court had no jurisdiction to sentence him because probation supervision was never properly transferred. Petitioner then claims that it was "impossible" for him to have raised this issue before. *Id.* at 17-18.

There is at least one issue that petitioner raised in his first habeas petition that he is simply attempting to raise again,[5] and in this application, petitioner has also included alleged recent "violations" by the State appellate courts, including their failure to consider the merits of his claims.[6] The claim that petitioner is attempting to raise again is not appropriate for a second or successive petition, and the claims complaining about the appellate court's handling of petitioner's case cannot be raised as independent claims in a federal habeas application. "[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings. *Jones v. Duncan*, 162 F. Supp. 2d 204, 217 (S.D.N.Y. 2001). See also *Fuzia v. Lewin*, 05-CV-773, 2006 U.S. Dist. LEXIS 26732, *11-12 (E.D.N.Y. April 21, 2006).

Because petitioner has attempted to claim that there is "new evidence" in one of his grounds, this court will transfer this application to the Second Circuit for a determination of whether the district court should be authorized to consider the second or successive petition. The court has also considered petitioner's motion to proceed *in forma pauperis* (IFP), and finds that petitioner is financially eligible to proceed IFP.

---

[5] This is Ground 2 above, alleging that petitioner's plea agreement was breached when the court sentenced him to four to twelve years imprisonment, rather than simply incarcerating him for the remainder of his probation term.

[6] Petitioner states that the Appellate Division erred in affirming the dismissal of plaintiff's recent state habeas petition on procedural grounds. (Ground 4)(Pet. at 18).

THEREFORE, it is

ORDERED, that

1. Petitioner's motion to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and

2. This action is transferred to the Second Circuit pursuant to 28 U.S.C. § 1631 for determination of whether the petition may be considered under 28 U.S.C. § 2244 (b)(3)(A).

IT IS SO ORDERED.

Dated: May 19, 2008
Utica, New York.

United States District Judge